UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

OSWALD J. PAUL,

    Plaintiff,

v.

SELECT FINANCIAL SERVICES, INC.,

    Defendant,

_____/

# COMPLAINT
# JURY DEMAND

1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA"), and violation of the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq*. ("TCPA").

## JURISDICTION AND VENUE

2.    This Court has jurisdiction over the TCPA pursuant to 28 U.S.C. §§1331. *Mims v. Arrow Fin. Servs. LLC,* 132 S. Ct. 740 (U.S. 2012). This Court has jurisdiction over the FDCPA pursuant to 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

## PARTIES

3. Plaintiff, OSWALD J. PAUL, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant, SELECT FINANCIAL SERVICES, INC., is a corporation and citizen of the State of Florida with its principal place of business at Suite 805, 14020 Roosevelt Boulevard, Clearwater, Florida 33762.

5. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6. Defendant regularly collects or attempts to collect debts for other parties.

7. Defendant is a "debt collector" as defined in the FDCPA.

8. Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

9. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

10. Defendant left the following messages on Plaintiff's voice mail on his cellular telephone on or about the dates stated:

**April 12, 2012 – Pre-Recorded Message**
-- call toll free at 800-213-5900 regarding case number 883513. Once again, the number is 883513.

**April 14, 2012 – Pre-Recorded Message**

2

-- call us toll free at 800-213-5900 regarding case number 883513. Once again, the number is 883513.

**April 21, 2012 – Pre-Recorded Message**
Please call us toll free at 800-213-5900 regarding case number 883513. Once again, the number is 883513.

**April 24, 2012 – Pre-Recorded Message**
Please call us toll free at 800-213-5900 regarding case number 883513. Once again, the number is 883513.

**April 28, 2012 – Pre-Recorded Message**
Please call us toll free at 800-213-5900 regarding case number 883513. Once again, the number is 883513.

**May 5, 2012 – Pre-Recorded Message**
-- call us toll free at 800-213-5900 regarding case number 883513. Once again, the number is 883513.

**May 10, 2012 – Pre-Recorded Message**
This is an important business call. Please call us toll free at 800-213-5900 regarding case number 883513. Once again, the number is 883513.

**May 15, 2012 – Pre-Recorded Message**
Please call us toll free at 800-213-5900 regarding case number 883513. Once again, the number is 883513.

**May 19, 2012 – Pre-Recorded Message**
Please call us toll free at 800-213-5900 regarding case number 883513. Once again, the number is 883513.

11.     Defendant, or another party acting on its behalf, left similar or identical messages on other occasions using an automated telephone dialing system or pre-recorded or artificial voice on Plaintiff's cellular telephone. (Collectively, "the telephone messages").

3

12. The messages are "communications" as defined by 15 U.S.C. §1692a(2). See *Berg v. Merchs. Ass'n Collection Div.*, Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

13. Defendant failed to inform Plaintiff in the messages that the communication was from a debt collector and failed to disclose its name and the purpose of Defendant's messages.

14. Defendant, or others acting on its behalf, used an automatic telephone dialing system or a pre-recorded or artificial voice to place telephone calls to Plaintiff's cellular telephone.

15. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227 (b)(1)(A).

16. Defendant willfully or knowingly violated the TCPA.

## COUNT I
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

17. Plaintiff incorporates Paragraphs 1 through 16.

18. Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and *Leyse v. Corporate Collection Servs.*, 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

19. Plaintiff incorporates Paragraphs 1 through 16.

20. Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity and failed to disclose the purpose of Defendant's communication in the telephone messages in violation of 15 U.S.C §1692d(6). See *Valencia v The Affiliated Group, Inc*., Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008, (S.D.Fla., September 23, 2008); *Wright v. Credit Bureau of Georgia, Inc*., 548 F. Supp. 591, 593 (D. Ga. 1982); and *Hosseinzadeh v. M.R.S. Assocs*., 387 F. Supp. 2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT III

5

## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

21. Plaintiff incorporates Paragraphs 1 through 16.

22. Defendant, or others acting on its behalf, placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice violation of 47 U.S.C § 227(b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

   a. Damages;

   b. a declaration that Defendant calls violate the TCPA;

   c. a permanent injunction prohibiting Defendants from placing non-emergency calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice; and

   d. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

> DONALD A. YARBROUGH, ESQ.
> Attorney for Plaintiff
> Post Office Box 11842
> Ft. Lauderdale, FL 33339
> Telephone: 954-537-2000
> Facsimile: 954-566-2235

6

        don@donyarbrough.com


      By: s/ Donald A. Yarbrough
         Donald A. Yarbrough, Esq.
         Florida Bar No. 0158658